# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TOMMY WHITAKER, )
)
        Plaintiff, )
)
v. ) Case No. CIV-08-386-SPS
)
CITY OF HEALDTON, a )
municipality, and RICK PENDER, )
Mayor of Healdton, individually and )
in his official capacity, )
)
        Defendants. )

## OPINION AND ORDER REGARDING
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This is an action for race-based employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e - § 2000e-17. The Plaintiff Tommy Whitaker seeks to compel responses to two discovery requests served on the Defendants City of Healdton and Rick Pender, *i. e.*, Interrogatory No. 7 and Document Request No. 5. For the reasons set forth herein, the Plaintiff's Motion to Compel Discovery With Authority [Docket No. 22] is hereby GRANTED in part and DENIED in part.

The Plaintiff argues that the information he wants from the personnel files of former and current police officers for the City of Healdton is clearly relevant to his discrimination claim and is therefore discoverable. The Court agrees. *See*, *e. g.*, *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980) ("The files sought in plaintiff's request were personnel files of EEOC employees who plaintiff claims were hired or promoted in discriminatory preference over him. The qualifications and job performance of these employees in

comparison with the plaintiff's qualifications and performance is at the heart of this controversy. This is, in fact, the sort of information that EEOC seeks, and we have allowed, in investigating and litigating discrimination claims."); *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 345 (10th Cir. 1975) ("[T]he plaintiffs had a right to the information and statistics from which they could have compiled trends and policies on the numbers of white persons receiving promotions during the relevant time periods . . . opposed to the number of blacks, Hispanos and women who received promotions."). The Defendants do not contend otherwise; what they argue instead is that disclosure of information contained in personnel files would violate the constitutional privacy rights of the affected individuals. *See*, *e. g.*, *Flanagan v. Munger*, 890 F.2d 1557, 1570 (10th Cir. 1989) ("The Supreme Court has recognized that the constitutional right to privacy protects an individual's interest in preventing disclosure by the government" of any matters of "a highly personal or sensitive nature[.]"), *citing Whalen v. Roe*, 429 U.S. 589, 599 & n. 24 (1977) and *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981). But even if this is so, it does not excuse the Defendants from their obligation to produce relevant evidence that is in their possession. *See*, *e. g.*, *Denver Policemen's Protective Association*, 660 F.2d at 436 ("Assuming the police officers have a legitimate expectation of privacy, the right may be overridden by a compelling state interest. The compelling state interest involved here is ascertainment of the truth.").

The Court therefore finds that with regard to Document Request No. 5, the Defendants shall produce all personnel files of any current or former police officers for the time period

covering January 1, 2003 through May 31, 2009. The Defendants shall redact any social security numbers contained therein. The Defendants need not answer Interrogatory No. 7, unless they are aware of any information responsive thereto that cannot be obtained from the personnel files they produce. *See* Fed. R. Civ. P. 33(d) ("Option to Produce Business Records."). The parties are directed to submit an agreed protective order governing such production by June 17, 2009.

The Plaintiff further argues that the Defendants have not properly responded to his interrogatories, *i. e.*, the answers to interrogatories were signed by counsel and unverified. The Defendants apparently do not dispute this. "[I]nterrogatories must be answered . . . by the *party* to whom they are directed; or . . . if that party is . . . a governmental agency, by any officer or agent[,]" Fed. R. Civ. P. 33(b)(1) [emphasis added], and "must . . . be answered separately and fully in writing *under oath*." Fed. R. Civ. P. 33(b)(3) [emphasis added]. Unless the municipal defendant in this case did indeed intend to make a witness of (and thereby potentially disqualify) its trial counsel by designating him as its agent under Fed. R. Civ. P. 33(b)(1)(B), which seems highly unlikely, the Defendants' answers to interrogatories clearly *are* insufficient under Fed. R. Civ. P. 33. The Defendants are therefore directed to submit answers to interrogatories signed by the proper persons under oath on or before June 26, 2009, which is also the deadline for producing the personnel files discussed above. The Plaintiff's motion to compel should therefore be granted to that extent.

The Plaintiff contends he should be awarded the costs and attorney's fees incurred in bringing his motion to compel because the Defendants' arguments against production are

-3-

frivolous. The Court prefers to address any questions regarding costs and attorney's fees at the conclusion of the case, and the Plaintiff's motion to compel should therefore be denied to that extent. The Plaintiff may, however, seek costs and attorney's fees at a later date.

Accordingly, the Plaintiff's Motion to Compel Discovery With Authority [Docket No. 22] is hereby GRANTED in part and DENIED in part as set forth above.

**IT IS SO ORDERED** this 12th day of June, 2009.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**